DUNN et al. v. TRAVIS et al. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Samuel P. Dunn and others against James H. Travis, impleaded. No opinion. Motion denied. Application should be made to court below to be relieved from printing all the papers.

DWYER v. RORKE. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Thomas N. Dwyer against James Rorke. No opinion. Motion denied. See 40 N. Y. Supp. 934, and 41 N. Y. Supp. 721.

EADES, Appellant, v. GOIT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Alvah Eades against Henry Goit and Lucinda Goit. No opinion. Judgment of the county court reversed, with costs, and the justice's judgment affirmed, with costs.

ELLIOT, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Sarah M. Elliot against the Rochester Railway Company. No opinion. Motion denied, with $10 costs. All concur.

ENNIS v. MODERATI. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by James S. Ennis against Clito Moderati. No opinion. Motion denied, upon payment of $10 costs.

ENO, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. November 20, 1896.) Action by Amos R. Eno against the New York Elevated Railroad Company and others. B. Tolles, for appellants. W. Mitchell, for respondent. No opinion. Judgment affirmed, with costs.

ESBERG–BACHMAN LEAF TOBACCO CO., Respondent, v. WORMS et al., Appellants. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by the Esberg-Bachman Leaf Tobacco Company against Abraham Worms and others. No opinion. Order affirmed, with 10 costs and disbursements.

EVANS, Respondent, v. FREY et al., Appellants. SAME v. DOLAN. SAME v. KIRCHER. SAME v. FALVEY. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by William L. Evans against Francis Frey and others, and three other cases. E. W. S. Johnston, for appellants. S. Hanford, for respondent. No opinion. Order affirmed, with $10 costs and disbursements on one appeal.

EVANS v. KIRCHER. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by William L. Evans against Louis H. Kircher. No opinion. Motion denied.

EVANS, Respondent, v. KIRCHER et al., Appellants. SAME v. DOLAN et al. SAME

v. FALVEY. SAME v. FREY. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by William L. Evans against Louis H. Kircher and another, and three other cases. E. W. S. Johnston, for appellants. S. Hanford, for respondent. No opinion. Orders made by Mr. Justice Andrews on May 20, 1896, modified by adding the same provisions as were inserted in the orders made by Justices Giegerich, Truax, and Stover with respect to the payment of the expenses of the oral cross-examination, and also adding leave to the defendants to subject the witnesses to an oral re-direct examination, the plaintiff, however, to pay the expenses of such oral re-direct examination; and, as thus modified, the order is affirmed, without costs.

In re FAIRCHILD. (Supreme Court, Appellate Division, Third Department. October 29, 1896.) In the matter of objections to the certificate of nomination of Ben L. Fairchild for representative in congress for the Sixteenth congressional district. No opinion. Order appealed from affirmed, with costs and disbursements.

FANCHER, Respondent, v. PINON, appellant. (City Court of New York, General Term. October 30, 1896.) Action by Ezra B. Fancher against Bonifacio Pinon. Coudert Bros., for appellant. J. R. Fancher, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment recovered herein on a contract for tuition, board, and incidentals furnished to Louis Pinon, the son of the defendant, while attending, as a boarding pupil, the school of the plaintiff situated at Yonkers, Westchester county, N. Y. during the school year of 1893 to 1894. The plaintiff in his complaint alleges, and at the trial proved, a contract for the tuition and board of the defendant's son for the school year beginning the 25th day of September, 1893, and ending on June 8, 1894, at $500, payable half-yearly in advance; the second installment being payable on February 1, 1894. The defendant withdrew his son from said school on February 12 or 16, 1894. The plaintiff also proved that he furnished the defendant's son clothing and other incidentals, of the value of $123.40. Defendant's son was a pupil at plaintiff's boarding school for two previous years, under the same agreement for said tuition and board and for incidentals. The action is brought for a breach on the part of the defendant of said agreement for tuition, board, etc. The plaintiff and his wife were the only witnesses on the trial on behalf of the plaintiff. The defendant offered no evidence whatsoever, and at the end of the trial made certain motions and requests to charge, which were denied by the court, and duly excepted to. We have examined these exceptions, and the only one worthy of any notice is the one denying the request to charge "that the question involved is a question of damages, and not a question of what the plaintiff is entitled to recover under the contract, and, as this included board, and board not having been furnished, the sole question before the jury is what damages the plaintiff sustained by reason of the defendant's alleged failure to comply with his contract." The damages in such an action for the breach of contract are